

RECEIVED

Paul Hupp.
965 Hidden Oaks Drive
Beaumont, CA. 92223
951-769-1268.
Paulhupp@Gmail.com
*In Propria Persona*

2011 MAY 13 PM 2: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Paul Hupp,                          )
                                    )
            Plaintiff,              )  Case No.: 11-CV- 00774 VAP (SP)
                                    )
     v.                             )
                                    )  **COMPLAINT AND DEMAND FOR JURY**
City of Beaumont,                   )  **TRIAL**
Thomas Dalessandro,                 )
Roes 1-10,                          )
Individually and in his official capacity as  )
Peace Officer, Jointly, Jointly and Severally,  )
            Defendants.             )

---

## COMPLAINT

Plaintiff Paul Hupp, in *Propria Persona*, complains against defendants City of Beaumont, and Thomas Dalessandro, individually and in his official capacity as Peace officer, and Roes 1-10 as follows:

### PARTIES, VENUE AND JURISDICTION

1.  Paul Hupp ("Plaintiff") resides, and is domiciled within the state of California.

2.  Thomas Dalessandro ("DALSSANDRO") is a sworn Peace Officer employed by the City of Beaumont.

3.  The City of Beaumont is an incorporated municipality located within Riverside County.

4.  Roes 1-10 are unknown at this time but will be named and added to the complaint as their identities become known.

COMPLAINT - 1                    Paul Hupp Case No.: 11-CV-

5. Riverside County is a body of state government located within the state of California.

6. Riverside County is a body of state government located within the Central District of California for jurisdictional purposes.

7. DALSSANDRO as a sworn Peace Officer for the City of Beaumont is sued both individually and in his official capacity as Peace Officer.

8. DALESSANDRO and the City of Beaumont are sued individually, jointly and jointly and severally.

9. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

10. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1343-Civil rights and elective franchise.

11. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1331-Federal question.

12. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 2201 and 2202-Declatory and injunctive relief.

13. This court has supplemental jurisdiction of state claims that arise out of the nucleus of operative facts, case, or controversy common to the Plaintiff's federal claims under the provisions of Title 28 of the United States Code, Section 1367(a)-Supplemental jurisdiction.

14. This court has venue over this case under the provisions of Title 28 of the United States Code, Section 1391(b) and (c).

## **FACTUAL ALLEGATIONS**

15. That each and every act of Defendant City of Beaumont, by and through their employees, agents, and/or representatives, including but not limited to Defendant DALESSANDRO, as set forth herein was executed under the color of authority, statutes, ordinances, regulations, laws, customs, training and usages of the City of Beaumont, by virtue of and under authority of Defendant DALESSANDRO'S employment with the City of Beaumont as a sworn Peace Officer.

16. That Defendant City of Beaumont operates their police department and is responsible for and does in fact hire, train, supervise and instruct their Peace Officers, including DALESSANDRO, in all aspects and performance of said Peace Officers duties.

17. One of the functions of Defendant City of Beaumont is to hire Peace Officers of good moral character and fitness.

18. One of the functions of Defendant City of Beaumont is to train their Peace Officers with respect to the Constitutional rights afforded to all citizens within their jurisdiction, including but not limited to the rights arising under the Fourth and Fourteenth Amendments of the United States Constitution.

19. One of the functions of Defendant City of Beaumont is to train their Peace Officers to follow the Constitutional and all state and local laws, including making sure that "probable cause" is present before issuing any traffic citation.

20. One of the functions of Defendant City of Beaumont is to train their Peace Officers to follow the Constitutional and all state and local laws, including making sure that "reasonable suspicion" is present before stopping and questioning any person.

21. One of the functions of Defendant City of Beaumont is to supervise their Peace Officers within their jurisdiction, to ensure Constitutional rights, including but not

limited to, rights arising under the Fourth and Fourteenth Amendments of the United States Constitution, and ensure said rights are not unlawfully and illegally infringed upon.

22. One of the functions of Defendant City of Beaumont is to train and supervise their Peace Officers to follow the Constitutional and all state and local laws, including making sure that all their Peace Officers are not engaging in perjury or any other criminal act.

23. That Defendant DALESSANDRO was, at all times relevant hereto, employed as a Peace Officer by Defendant City of Beaumont, being employed, in uniform and in a marked police cruiser and on duty on Friday evening January 28, 2011 at approximately 8:45 PM.

24. There are three separate levels of criminal classifications in California;

    1. Felony

    2. Misdemeanor

    3. Infraction

25. Infractions are not crimes under which an arrest or a booking can be executed.

26. Infractions may be cited for, and a "Promise to Appear" at a future date issued as long as "probable cause" is present for issuing the citation.

27. Plaintiff was traveling eastbound on Oak Valley Parkway in the City of Beaumont on or about Friday, January 28, 2011 at or around 8:30-8:45 PM.

28. DALESSANDRO was on duty and in uniform driving a marked City of Beaumont police cruiser.

29. DALESSANDRO activated his lights and pulled over Plaintiff at Oak Valley Parkway and Golf Club Drive. Plaintiff pulled into the Rite Aid parking lot for the stop.

30. DALESSANDRO was wearing a personal recording device at all times during the traffic stop, it was functional and it was activated and recording during the entire stop.

31. DALESSANDRO claimed Plaintiff's rear license plate was being "obstructed" by the bumper. Mr. Hupp's license plate was not obstructed, and the vehicle did in fact have a factory bumper on it and the license plate was mounted in the factory position. The vehicle had been in use for over 25 years, with over 330,000 miles logged and there had never, ever, been a prior claim made of an obstructed license plate by the bumper. DALESSANDRO never claimed the fabricated "bumper obstruction" resulted from a "reading or recognition of a license plate by an electronic device" under Vehicle Code ("VC") Section 5201(g) during the traffic stop. Attached to, made a part of, and by this reference incorporated into this complaint as "Exhibit #1" is a true and correct copy of "VC 5201(g)".

32. VC Section 5201(g) is outlined verbatim *infra*;

> "VC Section 5201(g) -Reading or Recognition of License Plate Illegally Obstructed or Impaired"
>
> "5201(g). A casing, shield, frame, border, product, or other device that obstructs or impairs the reading or recognition of a license plate by an electronic device operated by state or local law enforcement, an electronic device operated in connection with a toll road, high-occupancy toll lane, toll bridge, or other toll facility, or a remote emission sensing device, as specified in Sections 44081 and 44081.6 of the Health and Safety Code, shall not be installed on, or affixed to, a vehicle." Underline added.

33. DALESSANDRO did not have an "electronic device operated by state or local law enforcement" on his marked patrol unit. DALESSANDRO had no such remote sensing device, mechanical, electrical or otherwise. In fact NO Beaumont marked police units have an "electronic device operated by state or local law enforcement". Yet that is what DALESSANDRO wrote the citation for. Attached to, made a part of,

1     and by this reference incorporated into this complaint as "Exhibit #2" is a true and

2     correct copy of the issued citation, "BM97171".

34. During the traffic stop DALESSANDRO started asking Plaintiff numerous invasive

    and degrading questions that had no legal basis and no relationship whatsoever to the

    fabricated "VC 5201(g)" violation. These questions were rude, invaded personal

    privacy and had no legal basis, lacking both probable cause and reasonable suspicion.

    Plaintiff was trying to be diplomatic and courteous during this interrogation but

    DALESSANDRO continued speaking to Plaintiff in a rude, invasive and degrading

    manner. DALESSANDRO then asked if Plaintiff "was on probation or parole" or

    similar words to that effect. There was in fact no legal basis for such an intrusive

    question and Plaintiff terminated the questioning at this point. DALESSANDRO

    wrote a traffic infraction citation for "VC 5201(g)" and Plaintiff signed it.

35. Traffic infractions issued by Peace Office are signed "under penalty of perjury".

    DALESSANDRO signed citation BM97171 under penalty of perjury.

36. Plaintiff requested the County Seat for the location of the traffic court trial.

37. Plaintiff went to the courthouse on March 2, 2011 to set a court date. The court did

    not have citation BM97171 in the system, and instructed Plaintiff to come back on the

    date the citation listed, March 9, 2011, to get a file stamp to show Plaintiff had tried

    to get a court date.

38. Plaintiff went back in March 9, 2011 and the citation was still not in the system and

    the citation was file stamped by the clerk.

39. The citation was entered into the court system sometime after the listed date of March

    9, 2011. On March 15, 2011 Plaintiff again went to the courthouse and the citation by

    this date had been entered into the system. Plaintiff asked to set the trial at the County

    Seat, the clerk refused. Trail was set for April 28, 2011 at the Banning courthouse.

40. On March 24, 2011 Plaintiff for the 4th time went to the Banning Court and filed a motion for a change of venue. That motion was granted.

41. In late February Plaintiff received a letter from DALESSANDRO again listing the infraction, specifically stating "VC 5201(g)" would be set for trial at the County Seat. Attached to, made a part of, and by this reference incorporated into this complaint as "Exhibit #3" is a true and correct copy of the letter DALESSANDRO sent Plaintiff.

42. On Aril 28, 2011 the case was called at the Count Seat, DALESSANDRO was present and contested the case by presenting oral testimony about the citation to Commissioner William A. Anderson.

43. DALESSANDRO at no time during his testimony presented evidence that would support the citation.

44. DALESSANDRO at no time during his testimony stated he had written the wrong code section on the citation.

45. DALESSANDRO at no time during his testimony asked to have the citation dismissed for lack of evidence or because he had written the wrong code section.

46. During DALESSANDRO'S testimony he stated that Plaintiff had ADMITTED that the bumper was obstructing the license plate.

47. Plaintiff made no such admission. In fact Plaintiff specifically stated he wanted the citation issued to the County Seat because he was going to contest it. DALESSANDRO'S recording device will prove this up.

48. DALESSANDRO had recorded the entire traffic stop with Plaintiff and any admission, as DALESSANDRO claims, will be on that recording.

49. The traffic court recorded DALESSANDRO'S testimony that Plaintiff "admitted" his bumper obstructed the license plate, and transcripts have been ordered.

50. Commissioner William A. Anderson-on the court's own motion- dismissed the citation after DALESSANDRO failed to allege the elements of "VC 5201(g)". Attached to, made a part of, and by this reference incorporated into this complaint as "Exhibit #4" and "Exhibit #5" are true and correct copies of the court's minute order and docket for citation BM97171.

51. On April 28, 2011 Plaintiff hand delivered a written complaint and demand letter to the City of Beaumont Mayor, City Manager and Police Chief. There was no response whatsoever by any of the three (3) parties. Attached to, made a part of, and by this reference incorporated into this complaint as "Exhibit #6" is a true and correct copy of the April 28, 2011 written complaint and demand letter Plaintiff hand delivered to the City of Beaumont Mayor, City Manager and Police Chief.

This reference incorporates the above paragraphs into the following counts.

### COUNT I: 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO STOP PLAINTIFF OR TO ISSUE THE CITATION

52. DALESSANDRO wrote a citation for "VC 5201(g)", which relates to an electronic license plate reading device being obstructed. DALESSANDRO signed the citation under "penalty of perjury" that he had such a device. DALESSANDRO had no electronic license plate reading device on his marked police cruiser.

53. Plaintiff's bumper did not obstruct the license plate and DALESSANDRO'S claim that it was obstructed was pretext for an illegal and unlawful seizure of the person.

54. DALESSANDRO's true motive for making the false claim of license plate obstruction was to go on a fishing expedition for possible criminal violations, which is why he was asking rude, invasive and demeaning questions, such as asking

Plaintiff if he was "on parole or probation" that had no foundation whatsoever and lacked both probable cause and reasonable suspicion.

55. DALESSANDRO knew, or should have known, his baseless perjured actions were unlawful and illegal.

56. DALESSANDRO's true intentions in writing a citation for "VC 5201(g)" was to try to harass, annoy, intimidate, incite, threaten and instill fear in Plaintiff, by virtue of, and under color of his authority in his position as a sworn Peace Officer in his "fishing expedition".

57. <u>Probable cause</u> is required to be taken into custody, arrested, booked or *detained* on a felony, misdemeanor or infraction offense.

58. The legal standard for <u>probable cause</u> is that of a reasonable person, under the circumstances, would believe a crime had been committed.

59. No reasonable person under the above listed circumstances would have believed Plaintiff had violated "VC 5201(g)", because DALESSANDRO had no electronic license plate reading device on his marked police cruiser. Plaintiff had committed no felony, misdemeanor or infraction crime under a <u>probable cause standard</u>.

60. Even using the very low standard of "reasonable suspicion" DALESSANDRO had no legal justification for the citation because DALESSANDRO had no electronic license plate reading device on his marked police cruiser

61. Said despicable actions by DALESSANDRO were under the color and authority of state law and were unreasonable, performed knowingly, willfully, intentionally, deliberately, indifferently, maliciously and with gross negligence, callousness, indecency and with reckless disregard and indifference to the laws, treaties and

Constitution of the United States, and the citizens of the state of California and the United States.

62. Mr. Hupp suffered injuries as a proximate cause of DALESSANDRO's actions, including, but not limited to, the following, to wit:

    1. Humiliation;

    2. Emotional Distress;

    3. Psychological Distress;

    4. Losses of the safety, pleasure, joy and vitalities of life that are of a continuing nature.

    5. Plaintiff had to make five (5) in person court appearances, submitted two (2) written motions and one (1) written complaint totaling in excess of 80 hours.

63. Plaintiff's constitutional rights to be free of unlawful seizure and perjury by a Peace Officer under these circumstances are clearly established and well known rights.

64. DALESSANDRO is liable under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 USC §§ 1983, 1988.

65. The violation of the above listed rights proximately caused Plaintiff damages for which he is entitled to recover under 42 USC §§ 1983, 1988.

66. Plaintiff is further entitled to punitive damages to deter DALESSANDRO from engaging in such violations of constitutionally protected rights.

This reference incorporates the above paragraphs into the following counts.

### COUNT II: 42 USC SECTION 1983 LIABILITY FOR VIOILATION OF CONSTITUTIONAL AND CIVIL RIGHTS-COMMITTING PERJURY

67. DALESSANDRO wrote a citation for "VC 5201(g)", which relates to an electronic license plate reading device being obstructed. DALESSANDRO signed the citation

under "penalty of perjury" that he had such a device. DALESSANDRO had no electronic license plate reading device on his marked police cruiser; in fact no City of Beaumont marked police cruisers have such a device. *See* "Exhibit #2".

DALESSANDRO had therefore committed the crime of perjury. *See* California Penal Code § 118.

68. DALESSANDRO committed perjury a <u>second time</u> when he sent out the letter changing the court location. *See* "Exhibit #3".

69. DALESSANDRO committed perjury a <u>third time</u> when he testified in court, under oath, that Plaintiff had "admitted" that his bumper was obstructing the license plate. Plaintiff never made any such admission.

70. Plaintiff's constitutional rights to be free of perjured statements by a Peace Officer under these circumstances are clearly established and well known rights.

71. DALESSANDRO is liable under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 USC §§ 1983, 1988.

72. The violation of the above listed rights proximately caused Plaintiff damages for which he is entitled to recover under 42 USC §§ 1983, 1988.

73. Plaintiff is further entitled to punitive damages to deter DALESSANDRO from engaging in such violations of constitutionally protected rights.

This reference incorporates the above paragraphs into the following counts.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. The actions of DALESSANDRO, while in the course of his employment, as a Peace Officer for defendant City of Beaumont, acting under color and authority of state law engaged in numerous criminal acts and civil wrongs as outlined in this complaint.

75. As a direct and proximate cause of these actions by Defendants, Plaintiff suffered extreme emotional and psychological distress as outlined in the individual counts.

76. These acts by DALESSANDRO were beyond the bounds of human decency and the failure of Defendant City of Beaumont to take any actions to stop DALESSANDRO from such outrageous and assaultive behavior- including failure to even respond to a written complaint about DALESSANDRO'S acts- constitutes extreme, outrageous and intentional acts and/or omissions of the defendants. *See* "Exhibit #6".

77. Defendant DALESSANDRO did these despicable acts knowingly, willfully and purposefully with intent to cause Plaintiff severe emotional distress and mental anguish.

78. Such actions caused embarrassment, humiliation, shame, fright, fear, and grief in Plaintiff, and said actions were much more than a reasonable person could endure.

79. Defendant City of Beaumont is also liable for the actions of DALESSANDRO for failure to train, supervise and discipline DALESSANDRO.

This reference incorporates the above paragraphs into the following counts.

## COUNT IV: GROSS NEGLIGENCE IN THE HIRING OF PEACE OFFICERS

80. Defendant City of Beaumont had the power to prevent and stop the wrongs, transgressions and despicable acts of tortfeasor DALESSANDRO, which is the subject of this complaint, by the proper screening and hiring of Peace Officers.

81. Defendant City of Beaumont had a duty to hire for the position of Peace Officer only those individuals that are of the highest moral and ethical character.

82. Defendant City of Beaumont breached that duty in a grossly negligent manner by hiring DALESSANDRO, a despicable and unethical individual who lacks the moral

character and fitness to be a Peace Officer as evidenced by his perjury and civil rights

violations outlined in this complaint.

83. Defendant City of Beaumont caused proximate damages to Plaintiff by hiring

DALESSANDRO, which enabled DALESSANDRO to engage in the despicable

conduct that is the subject of this complaint, specifically violations of the Fourth and

Fourteenth Amendments to the United States Constitution, as well as 42 USC § 1983.

84. Plaintiff suffered severe damages as a result of this gross negligence by the Defendant

City of Beaumont.

85. Defendant City of Beaumont is liable for any and all other hiring

violations/negligence/failures that may be discovered through the course of discovery.

This reference incorporates the above paragraphs into the following counts.

## COUNT V: GROSS NEGLIGENCE IN THE TRAINING OF PEACE OFFICERS

86. Defendant City of Beaumont had the power to prevent and stop the wrongs,

transgressions and despicable acts of tortfeasor DALESSANDRO, which is the

subject of this complaint, by the proper training of Peace Officers. Such training

includes banning their Peace Officers from committing perjured statements as

outlined in this complaint.

87. Defendant City of Beaumont had a duty to train their Peace Officers in a manner that

would not allow their officers, including DALESSANDRO and others, to infringe

upon the rights of citizens by violating the laws, treaties and Constitution of the

United States, including banning their Peace Officers from committing perjury and

seizing people without probable cause, as outlined in this complaint.

88. Defendant City of Beaumont breached that duty in a grossly negligent manner by a lack of qualified training, as well as deficient and improper training, thereby allowing DALESSANDRO and others to infringe upon the rights of Plaintiff and other citizens by violating the laws, treaties and Constitution of the United States, specifically violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 USC § 1983.

89. Defendant City of Beaumont caused proximate damages to Plaintiff by training DALESSANDRO in a deficient manner, which enabled DALESSANDRO to engage in the despicable conduct that is the subject of this complaint, specifically violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 USC § 1983.

90. Plaintiff suffered severe damages as a result of this gross negligence by the defendant City of Beaumont.

91. Defendant City of Beaumont is liable for any and all other training violations/negligence/failures that may be discovered through the course of discovery. This reference incorporates the above paragraphs into the following counts.

## COUNT VI: GROSS NEGLIGENCE IN THE SUPERVISION OF PEACE OFFICERS

92. Defendant City of Beaumont had the power to prevent and stop the wrongs, transgressions and despicable acts of tortfeasor DALESSANDRO, which is the subject of this complaint, by the proper supervision of it's Peace Officers, including DALESSANDRO.

93. Defendant City of Beaumont had a duty to supervise their Peace Officers, including DALESSANDRO, so that they follow, obey, observe, understand, comply with, conform with and honor the laws, treaties and Constitution of the United States.

94. Defendant City of Beaumont breached that duty in a grossly negligent manner by failing to supervise DALESSANDRO in a manner that required DALESSANDRO to follow, obey, observe, understand, comply with, conform with and honor the laws, treaties and Constitution of the United States, allowing DALESSANDRO to seize people without probable cause and further allowing DALESSANDRO to engage in multiple acts of perjury to cover for his lack of probable cause.

95. Defendant City of Beaumont caused proximate damages to Plaintiff by failing to properly supervise DALESSANDRO, said supervision was deficient, which enabled DALESSANDRO to engage in the despicable conduct that is the subject of this complaint, specifically violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 USC § 1983.

96. Plaintiff suffered severe damages as a result of this gross negligence by the defendant City of Beaumont.

97. Defendant City of Beaumont is liable for any and all other supervision violations/negligence/failures that may be discovered through the course of discovery.

## COUNT VII: DECLATORY AND INJUNCTIVE RELIEF

98. Defendant City of Beaumont, in addition to the false accusations made by DALESSANDRO, has made numerous false accusations against Plaintiff in the past. *See* Case no.: BM69750, on November 8, 2007. Case no.: BM11131 on April 17, 2009.These cases were all contested by Plaintiff and Defendant City of Beaumont lost

all of them at trial. This shows a "pattern and practice" of making false and fabricated accusations. These false and fabricated accusations still required Plaintiff to expend considerable amounts of time, energy and money to defend against them.

99. Plaintiff requests a declaration from this court that Defendant City of Beaumont has engaged in multiple civil rights violations.

100.    Plaintiff requests an injunction from this court that bans Defendant City of Beaumont from engaging in false accusations and prevents their Peace Officers from engaging in further perjured statements.


## PRAYER FOR RELIEF

ON THESE ABOVE LISTED GROUNDS, plaintiff Paul Hupp prays that this Honorable United States District Court grants judgment in his favor and against defendants City of Beaumont and DALESSANDRO as follows;

1.   For compensatory, special and general damages according to proof, but exceeding $75,000;

2.   For punitive and exemplary damages according to proof;

3.   For prejudgment and post judgment interest;

4.   For an injunction preventing Defendants from engaging in the conduct that gives rise to this action, including the crime of perjury;

5.   All fees, costs and expenses for the bringing of this claim, including but not limited to, all attorney fees and costs provided for under 42 U.S.C. Section 1988.

6.   All other appropriate legal and equitable relief.

## **RIGHT TO AMEND**

Plaintiff hereby expressly reserves the right to amend this action to include any actions arising from discovery and to add in Roe defendants.

## **JURY DEMAND**

Mr. Hupp requests trial by jury on all genuine and disputed issues of material fact in this case.

Dated this 12th day of May, 2011

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
951-769-1268
Paulhupp@Gmail.com
*In Propria Persona*

"VC Section 5201(g) –Reading or Recognition of License Plate Illegally Obstructed or Impaired"

As of March 1, 2011

"5201(g). A casing, shield, frame, border, product, or other device that obstructs or impairs the reading or recognition of a license **plate by an electronic device operated** by state or local law enforcement, an electronic device operated in connection with a toll road, high-occupancy toll lane, toll bridge, or other toll facility, or a remote emission sensing device, as specified in Sections 44081 and 44081.6 of the Health and Safety Code, shall not be installed on, or affixed to, a vehicle." Underline and bold added.

**BEAUMONT POLICE DEPT.** ☐ MISDEMEANOR   No. BM 97171

**NOTICE TO APPEAR**   ☐ Traffic   ☐ Nontraffic

| Date of Violation | Time | ☐ AM ☐ PM | Day of Week S M T W Th F S | Case No. 2010-3875 |
|---|---|---|---|---|

Name *(First, Middle, Last)*   Paul Howard Hess   ☐ Owner's Responsibility (Veh. Code, §40001)

Address   P. Box 91

| City Solana Beach | State CA | Zip Code 92075 |
|---|---|---|

| Driver Lic. No. N4460737 | State CA | Class C | Commercial ☐ Yes ☐ No | Age 49 | Birth Date 13/1/61 |
|---|---|---|---|---|---|

| Sex M | Hair Blw | Eyes Brn | Height 5-8 | Weight 200 | Race W | ☐ Juvenile (Phone No.) ( ) |
|---|---|---|---|---|---|---|

Veh. Lic. No. (or VIN)   2W62799   State CA

| Yr. of Veh. 2010 | Make Niss | Model PU | Body Style 2DR | Color WHT | ☐ Commercial Vehicle (Veh. Code, § 15210(b)) |
|---|---|---|---|---|---|

Evidence of Financial Responsibility   ☐ Hazardous Material (Veh. Code, § 353)

Registered Owner or Lessee   ☐ Same as Driver

Address   ☐ Same as Driver

City   State   Zip Code

| Correctable Violation (Veh. Code, § 40610) | | Code and Section | Description | ☐ Booking Required (See Reverse) | Misdemeanor or Infraction (Circle) |
|---|---|---|---|---|---|
| Yes | No | | | | |
| ☐ | ☐ | CVC <201(G) | Rear Plate | | M Ⓘ |
| ☐ | ☐ | | Obstruction | | M I |
| ☐ | ☐ | | | | M I |
| ☐ | ☐ | | | | M I |

| Speed Approx. | P.F./Max. Spd. | Veh. Lmt. | Safe | Radar | ☐ Continuation Form Issued | N |
|---|---|---|---|---|---|---|

Location of Violation(s) at This & Oak Valley   City/County of Occurrence Beaumont   W   E

Comments (Weather, Road & Traffic Conditions)   ☐ Accident   S

☐ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

_____   Arresting or Citing Officer   CFS REQUESTED   I.D. No. 747

Date   Name of Arresting Officer, if different from Citing Officer   I.D. No.

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**

X Signature _____

WHEN: On Or Before This Date: 3-17-11   Time: 0730   ☐ AM ☐ PM

WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE.

WHERE: ☐ BANNING SUPERIOR COURT ☐
135 N. ALESSANDRO RD.   OR
BANNING, CA 92220
PHONE #: 951-922-7140

☐ To Be Notified   ☐ You may arrange with the clerk to appear at a night session of the court.

Judicial Council of California Form   **DEFENDANT'S COPY** SEE REVERSE
Rev. 08-20-05 ( Veh. Code, §§ 40500(b), 40522, 40600; Pen Code, §853.9)   TR-130

EX #
3



# POLICE DEPARTMENT

550 E. 6th Street                    951-769-8500
Beaumont, CA 92223-2253         FAX 951-769-8506

Date:        2/8/2011

Paul Howard Hupp
PO Box 91
Solana Beach, CA 92075

Dear      Mr. Hupp      ,
On     1/28/2011      you received citation number   **BM**   97171
Charges:  vc5201(g)

It has been necessary to amend the information regarding your pending case as
follows:  Your court appearance has changed to the County Seat Loction, per your request:
Moreno Valley Court House, 13800 Heacock St. Bldg. D, #201, Moreno Valley, CA,
92553.  Date/Time: 05/01/2011 at 7:30a.m.  Also, the date of violation on your citation
should read 01/28/2011.  All other information is correct.

Beaumont Police Department
by:        Dalessandro #787
              Officer          ID#

Approved
by:

cc:      Report        ☑      Date:    2/8/11      By:  jag #740
         Defendant     ☑      Date:              By:
         Court         ☐      Date:              By:

cc:      Supervisor

rev:        4/17/08

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
13800 HEACOCK STREET D201
MORENO VALLEY, CA  92553

People of the State of California
                    Vs.                          CASE NO.  BM97171PH
         PAUL HOWARD HUPP

                          MINUTE ORDER

==================================================================
 Arraignment and Court Trial
 Date:.04/28/11      Time:  8:00 am    Dept/Div: MV2
==================================================================
 Charges:  1) 5201G VC-I Q


VIOLATION DATE:  01/28/11
------------------------------------------------------------------

Honorable Commissioner William A. Anderson Presiding.
Courtroom Assistant: J. Degen
Defendant Present.
Officer Dallesandro present in Court.
Defendant acknowledges the complaint reflects his/her true name
and date of birth.
Defendant Arraigned
Defendant Advised of Constitutional Rights.
Pleads Not Guilty to Count(s) 01.
Court Trial Commences.
Officer Dallesandro sworn and testifies.
Court finds defendant Not Guilty as to Count(s) 01.
Oral Motion By Defendant regarding request to file motion is
called for hearing.
Motion Denied.
Cash Bail Exonerated.
- - Custody Status/Information - -
Defendant Released.
 **MINUTE ORDER OF COURT PROCEEDING**

                                            Dispo

# RIVERSIDE SUPERIOR COURT
## PUBLIC ACCESS

## Criminal Case Report

### Pay Ticket / Case Fine

[ Print This Report ]

[ Close This Window ]

### Case BM97171PH - Defendants

| Seq | Defendant | Next Court Date | Status | Agency / DR Number | Arrest Date | Count 1 Charge | Violation Date |
|---|---|---|---|---|---|---|---|
| 1 | HUPP, PAUL HOWARD | | | | N/A | VC 5201G | 01/28/2011 |

### Case BM97171PH - HUPP, PAUL HOWARD - Status

| | | | |
|---|---|---|---|
| Filing Type | **Citation** | Custody | **N/A** |
| Ordered Bail | **$0.00** | Filing Date | **03/08/2011** |
| D.A. | | Posted Bail | **$0.00** |
| Next Action: | | Defense | |
| | | Deputy Report #: | **BEPD** |

| Warrant | Type | Status | Issued | Affidavit |
|---|---|---|---|---|
| | | NONE | N/A | N/A |
| Probation | Type | | Granted | Expiration |
| | N/A | | N/A | N/A |
| Sentence | Convicted Date | | County Jail | CTS |
| | N/A | | N/A | N/A |
| | State Prison | | Max Sentence | |
| | N/A | | N/A | |
| | Fine and Penalty | | Restitution Fine | Restitution to Victim |
| | | | 0 | N/A |

### Case BM97171PH - HUPP, PAUL HOWARD - Charges

| Filed Charges | | | | | | |
|---|---|---|---|---|---|---|
| Count | Charge | Severity | Description | Violation Date | Plea | Status |
| | | | | | | |

| 1 | VC 5201G | I | Obstruct reading of license plate by remote sensing device | 01/28/2011 | NOT GUILTY | ACQUITTED |

## Case BM97171PH - HUPP, PAUL HOWARD - Probation

### Probation Has Not Been Granted On This Case For This Defendant.

## Case BM97171PH - HUPP, PAUL HOWARD - Related Cases On Calendar

| Related Cases On Calendar |
|---|
| *This Defendant Does Not Have Any Other Cases With Future Hearings Scheduled.* |

## Case BM97171PH - HUPP, PAUL HOWARD - All of Defendant's Other Cases

| Case Number | Filed Date | Charges | Next Hearing | Jurisdiction | Status |
|---|---|---|---|---|---|
| 33911NDPH | 04/07/2011 | VC 22356B | None Scheduled | SUPERIOR COURT - RIVERSIDE | Active |
| BE11131PH | 04/20/2009 | VC 22350 | None Scheduled | SUPERIOR COURT - RIVERSIDE | Closed |
| BM69750PH | 11/21/2007 | VC 27315D1 | None Scheduled | SUPERIOR COURT - BANNING BRANCH | Closed |

## Case BM97171PH - HUPP, PAUL HOWARD - Actions & Minutes

| Action Date | Action Text | Disposition | Hearing Type |
|---|---|---|---|
| 05/04/2011 | TRAFFIC RESPONSE LETTER MAILED TO DEFENDANT THIS DATE RE: RTND NTC OF MOTION ADV DEFT CASE CLOSED | | |
| 04/28/2011 1:30 PM DEPT. B1 | ARRAIGNMENT AND COURT TRIAL | VACATED | ARRAIGNMENT |
| 04/28/2011 8:00 AM DEPT. MV2 | ARRAIGNMENT AND COURT TRIAL | DISPOSED | ARRAIGNMENT |

**Minutes**   Print Minute Order

HONORABLE WILLIAM A. ANDERSON PRESIDING.
COURTROOM ASSISTANT: JED-J. DEGEN
DEFENDANT PRESENT.
OFFICER DALLESANDRO PRESENT IN COURT.
DEFENDANT ACKNOWLEDGES THE COMPLAINT REFLECTS HIS/HER TRUE NAME AND DATE OF BIRTH.
DEFENDANT ARRAIGNED
DEFENDANT ADVISED OF CONSTITUTIONAL RIGHTS.
PLEADS NOT GUILTY TO COUNT(S) 01.
COURT TRIAL COMMENCES.
OFFICER DALLESANDRO SWORN AND TESTIFIES.
COURT FINDS DEFENDANT NOT GUILTY AS TO COUNT(S) 01.
ORAL MOTION BY DEFENDANT REGARDING REQUEST TO FILE MOTION IS CALLED FOR HEARING.
MOTION DENIED.

CASH BAIL EXONERATED.
- - CUSTODY STATUS/INFORMATION - -
DEFENDANT RELEASED.
**MINUTE ORDER OF COURT PROCEEDING**

| | | | |
|---|---|---|---|
| 04/07/2011 | OFFICER'S SUBPOENA FOR APPEARANCE OF OFFICER AT TRAFFIC COURT TRIAL FILED. | | |
| 04/06/2011 | NOTICE OF COURT TRIAL SETTING FILED. | | |
| 04/06/2011 | OFFICER(S) SUBPOENAED. | | |
| 04/06/2011 | OFFICER(S) SUBPOENAED FOR COURT TRIAL, WHICH HAS BEEN SET 04/28/2011 AT 8:00. | | |
| 04/06/2011 | HEARING SET 04/28/2011 AT 13:30 RE ACT IS VACATED. | | |
| 03/28/2011 8:30 AM DEPT. B1 | EX PARTE HEARING RE: CHANGE OF VENUE | DISPOSED | |

**Minutes**    [ Print Minute Order ]

HONORABLE THOMAS S HUDSPETH PRESIDING.
CLERK: B WALTMAN
DEFENDANT IS NOT PRESENT.
PER COMMISSIONER CITATION SHOWS SHOULD BE SET IN
MORENO VALLEY COURT
ORDER:SET CASE IN MORENO VALLEY COURT
PARTIES NOTIFIED BY MAIL
INFRACTION HEARING CONCLUDED, HEARING DISPOED.
DEFENDANT RELEASED.
**MINUTE ORDER OF COURT PROCEEDING**

| | | | |
|---|---|---|---|
| 03/24/2011 | MOTION CHANGE VENUE TO COUNTY SEAT FILED. | | |
| 03/18/2011 | OFFICER'S SUBPOENA FOR APPEARANCE OF OFFICER AT TRAFFIC COURT TRIAL FILED. | | |
| 03/15/2011 | DATE TO APPEAR IS CONTINUED TO 04/28/2011. REASON: COURT TRIAL | | |
| 03/15/2011 | NOTICE OF COURT TRIAL SETTING FILED. | | |
| 03/15/2011 | DEFENDANT'S DECLARATION OF INTENT TO PLEAD NOT GUILTY AND REQUEST FOR A COURT TRIAL MADE: A-BY APPEARANCE AT COUNTER | | |
| 03/15/2011 | OFFICER(S) SUBPOENAED. | | |
| 03/15/2011 | OFFICER(S) SUBPOENAED FOR COURT TRIAL, WHICH HAS BEEN SET 04/28/2011 AT 13:30. | | |
| 03/15/2011 | TRUST 189.00 RECEIVED FROM DEFENDANT | | |
| 03/15/2011 | TRUST 10.00 RECEIVED FROM DEFENDANT | | |
| 03/08/2011 | CITATION FILED (IMAGE); LOCATION: I10 | | |
| 03/08/2011 | CITATION FILED BY ACSF | | |

## Case BM97171PH - HUPP, PAUL HOWARD - Fine Information

*Date To Pay:*    **N/A**    *First Payment:*

Thursday, April 28, 2011

Brian De Forge, Mayor
City of Beaumont
550 E. Sixth St.
Beaumont, CA. 92223

       RE:    Demand Letter and Complaint Against Thomas Dalessandro
               HAND DELIVERY

Dear Mayor De Forge:

Please let this letter serve a formal demand letter, and complaint, against Beaumont
police officer Thomas Dalessandro ("DALESSANDRO"), ID# 787, for engaging in
multiple acts of perjury and harassment.

When a peace office issues a citation, or "Notice to Appear", for a vehicle code
infraction, such as California Vehicle Code ("VC") § 5201(g), the citation is signed
"under penalty of perjury" by the police officer.

In California the crime of perjury is a felony. *See* California Penal Code § 118.

On January 28, 2011 at or around 8:30 PM Beaumont police officer THOMAS
DALESSANDRO ("DALESSANDRO") pulled me, Paul Hupp ("Mr. Hupp"), over at or
around Oak Valley Parkway and Golf Club Drive within the city limits of Beaumont, CA.

DALESSANDRO claimed Mr. Hupp's rear license plate was being "obstructed" by the
bumper. Mr. Hupp's license plate was not obstructed, and the vehicle did in fact have a
factory bumper on it, and the license plate was mounted in the factory position. The
vehicle had been in use for over 25 years, with over 330,000 miles logged and there had
never, ever been a prior claim made of an obstructed license plate by the bumper.
DALESSANDRO never claimed the fabricated "bumper obstruction" resulted from a
"reading or recognition of a license plate by an electronic device" under VC 5201(g)
during the traffic stop. VC 5201(g) is outlined verbatim *infra*;

> "VC Section 5201(g) -Reading or Recognition of License Plate Illegally
> Obstructed or Impaired"

> "5201(g). A casing, shield, frame, border, product, or other device that obstructs
> or impairs the reading or recognition of a license plate by an electronic device
> operated by state or local law enforcement, an electronic device operated in
> connection with a toll road, high-occupancy toll lane, toll bridge, or other toll
> facility, or a remote emission sensing device, as specified in Sections 44081 and
> 44081.6 of the Health and Safety Code, shall not be installed on, or affixed to, a
> vehicle." Underline added.

DALESSANDRO did not have an "electronic device operated by state or local law enforcement" on his marked patrol unit. DALESSANDRO had no such remote sensing device, mechanical, electrical or otherwise. In fact NO Beaumont marked police units have an "electronic device operated by state or local law enforcement". Yet that is what DALESSANDRO wrote a citation for[1].

During the traffic stop DALESSANDRO started asking Mr. Hupp numerous invasive and degrading questions that had no legal basis and no relationship whatsoever to the fabricated VC 5201(g) violation. These questions were rude, invaded personal privacy and had no legal basis, lacking both probable cause and reasonable suspicion. Mr. Hupp was trying to be diplomatic and courteous during this interrogation but DALESSANDRO continued speaking to Mr. Hupp in a rude, invasive and degrading manner. DALESSANDRO then asked if Mr. Hupp "was on probation or parole" or similar words to that effect. There was in fact no legal basis for such an intrusive question and Mr. Hupp terminated the questioning at this point. DALESSANDRO wrote a traffic infraction citation for "VC 5201(g)"

DALESSANDRO could have made a simple mistake by writing down the wrong VC section, except for the fact that DALESSANDRO sent a follow up letter to Mr. Hupp on February 8, 2011 and specifically listed "VC 5201(g)" as the violation, **for the second time,** eliminating any chance that listing the wrong code section was a mistake. In addition, at the court trial today, April 28, 2011, DALESSANDRO again went through the perjured and trumped up circumstances leading up to the fabricated VC 5201(g) violation, knowing the charge was indeed fabricated. It was not until DALESSANDRO finished testifying that Traffic Commissioner Anderson informed DALESSANDRO that VC 5201(g) related to the covering of a license plate that prevented an electronic, remote sensing device from reading it. Commissioner Anderson asked DALESSANDRO if that was the code section DALESSANDRO meant to write. DALESSANDRO then, with no reference or other written material, stated he wrote the wrong code section-despite writing it down on two (2) different documents on two (2) different occasions prior to the trial. DALESSANDRO then cited another code section from memory, proving he had lied under oath about Mr. Hupp's license plate being obstructed and prevented from being read by a "remote sensing device'. DALESSANDRO could have at ANYTIME written the court and asked that the citation be dismissed. DALESSANDRO did not. Instead DALESSANDRO took the perjured, trumped up citation to trial, including putting on his case in chief in court and under oath, knowing he had committed perjury.

DALESSANDRO had a personal recording device on his person at all times during the January 28, 2011 traffic stop. It was on and he informed me he had recorded the entire traffic stop/conversation from start to finish. This is an important point because at trial today DALESSANDRO claimed that Mr. Hupp "admitted" during the stop that the license plate was obstructed. That is yet another perjured lie by DALESSANDRO. That statement is on the record at the court trial, and transcripts will be ordered if this harassment results in a lawsuit. Mr. Hupp made no such admission, and the recorded

---

[1] Citation and Case No.: BM 97171.

conversation of the traffic stop will prove that up[2]. Indeed Mr. Hupp stated he wanted the citation issued to the County Seat for trial, and told DALESSANDRO he would contest the citation, proving up another perjured and fabricated lie of DALESSANDRO, this time DALESSANDRO'S perjury was in court, under oath and on the record.

DALESSANDRO was a failure at trial, and Mr. Hupp was acquitted of the perjured, trumped up charges.

Mr. Hupp spent a significant amount of time on this case, including five (5) trips to the courthouse to set the case for trial and to file various motions, spending a significant amount of time researching the various filed motions, as well as researching the law surrounding the citation itself, and of course the time spent at trial and the follow up work such as this letter.

In addition to this case, the Beaumont Police Department has a "pattern and practice" of filing bogus, trumped up charges against Mr. Hupp. This includes not only this perjured case by DALESSANDRO, but also two (2) other traffic cases as well, all approximately within the last three (3) years. All the cases resulted in acquittals, proving up the "pattern and practice" of perjured and bogus charges by the Beaumont Police Department. In addition to the trumped up traffic cases, another Beaumont Police Officer had made a bogus, trumped up charge that did not result in any charge. That being the case, Mr. Hupp will also seek prospective declatory and injunctive relief against the City of Beaumont and the Police Department, preventing them from engaging in any more perjured harassment and trumped up charges[3].

This claim will be dismissed for the sum of $2,500. That is an amount that will cover time, costs, energy and mental anguish for this harassment by DALESSANDRO, as well as the prior harassment.

You have until 12 Noon, P.S.T., Friday May 6, 2011 to accept and provide a written reply to this demand letter. You will have a reasonable amount of time thereafter to make payment. Failure to respond or accept this demand letter by that time will result in a federal civil rights lawsuit being filed under Title 42 U.S.C. § 1983 against the City of Beaumont and DALESSANDRO on Monday, May 9th, 2011.

Please be advised that under Title 42 U.S.C. § 1988 if you are to lose any litigation under the above statute, even a nominal judgment of liability, you would not only have to pay all fees and costs, but would also be liable for all attorney fees as well[4].

The days of DALESSANDRO committing perjury and harassment with impunity are now over.

---

[2] Please be advised that this traffic stop may result in a federal lawsuit, and that all evidence, including all recorded statements made by DALESSANDRO will be requested during discovery and you are not under any circumstances to delete, destroy, erase or otherwise interfere with or cause harm to relevant evidence.
[3] See Title 28 U.S.C. §§ 2201, 2202
[4] See Pulliam v. Allen, 466 U.S. 522 (1984), Title 42 U.S.C. § 1988.

This letter is not intended to be a complete nor exhaustive statement of all the facts concerning this matter. Nothing contained herein shall constitute a waiver of any of my legal and equitable rights, claims or remedies, all of which are hereby expressly reserved for any future litigation.

Sincerely,

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223

CC:     Alan C. Kapanicas, City Manager
        City of Beaumont
        550 E. Sixth St.
        Beaumont, CA.  92223

        Frank Coe, Chief of Police
        City of Beaumont
        550 E. Sixth St.
        Beaumont, CA.  92223